```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division


MAMO et al.,                    )
                                )
     Plaintiffs,                )
                                )
         v.                     )     1:05cv1323 (JCC)
                                )
BP P.L.C. et al.,               )
                                )
     Defendants.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on BP Products North American Incorporated's Motion to Dismiss Count II of the Complaint filed by Eyob Mamo and Counts III and IV of the Complaint filed by Eyob Mamo and DAG Petroleum Suppliers, LLC. For the reasons stated below, the Court will grant Defendant's Motion.

**I. Background**

BP Products North America Inc. ("BP Products") is indirectly owned by BP p.l.c.  In 2005, BP Products decided to divest its interests in 181 gasoline stations in Washington, D.C., Virginia, and Maryland.  DAG Petroleum Suppliers, L.L.C. ("DAG") is a petroleum distributor which was allegedly formed for the purpose of acquiring and operating the service stations from BP Products.  Eyob Mamo, an African American male, is Chairman and Chief Executive Officer of DAG, and he also is a majority-owner of DAG.  DAG participated in the second round of bidding

for the stations but eventually was informed it was not eligible to acquire the stations or participate in further bidding rounds. DAG was provided reasons for disqualification from further bidding; DAG alleges, however, that these reasons were pretextual.

On November 17, 2005, Plaintiffs Eyob Mamo and DAG filed a four-count Complaint.  In Count I, DAG charges Defendants with race discrimination in violation of 42 U.S.C. § 1981.  In Count II, Mamo and DAG charge Defendants with race discrimination in violation of 42 U.S.C. § 1982.  DAG sues for injunctive relief in Count III.  Finally, Mamo and DAG sue for violation of an implied covenant of good faith and fair dealing in Count IV.  On December 8, 2006, Defendant BP Products filed a Motion to Dismiss Counts II, III, and IV of the Complaint.  BP Products represented in the filing that BP p.l.c. had not been served with process and was not required to make any response to the Complaint.  In their opposition to the Motion, Plaintiffs voluntarily withdrew Count IV.  This Motion to Dismiss is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the Complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De

*Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the Complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant" because of the bias against striking defenses and because of the liberal pleading requirements embodied by the Federal Rules of Civil Procedure. *Clark v. Milan*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). *See also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (explaining that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant

simply as a dilatory tactic.'") (quoting Wright & Miller, *Federal Practice and Procedure* § 1380).

### III. Analysis

BP Products seeks first to dismiss Count II as raised by Plaintiff Mamo for lack of standing. BP Products contends that Mamo's injuries derive solely from his status as a shareholder and officer of DAG. Because Mamo suffered no independent injury, Defendant asserts that he has no grounds for stating an individual claim under 42 U.S.C. § 1982.

Plaintiffs respond with three arguments. First, they contend that Mamo has not relied solely, or even partially, on his status as a shareholder or officer to establish his individual claim. Plaintiffs suggest that it was Mamo's personal use of the property that grounds his individual claim. His injuries include the prestige associated with being an owner of approximately 200 stations, having the ability to employ more people, deriving the pride and satisfaction from operating a large company, being able to sponsor charitable events, and increasing his financial statement to enable him to borrow larger sums of money for other business ventures.

Secondly, Plaintiffs mention that the federal courts have distinguished the scope of civil rights under § 1982 as broader than those under § 1981. As such, Mamo has standing

specifically under § 1982 to use the property without being rejected based on race.

Finally, Plaintiffs highlight the exception to the general rule that individual shareholders may not pursue corporate claims. This exception states that a shareholder will have individual standing when the wrongdoer breached a duty owed to the shareholder individually and separately from the corporation. Plaintiffs assert that Defendants owed Mamo an individual duty not to discriminate against him by denying him the use of the properties held open for sale.

This Court is not persuaded by Plaintiffs' three arguments and finds that Mamo's injuries are indeed directly correlated to his positions as shareholder and officer of DAG. It is a long standing "fundamental rule that a shareholder . . . does not have standing to assert claims alleging wrongs to the corporation." *Smith Setzer & Sons v. South Carolina Procurement Rev. Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994). The ability to employ more people, for example, is clearly a wrong to Mamo only as an officer of the corporation. The only listed injuries that are questionably separate and distinct from the corporation include humiliation and emotional distress. However, unlike the Ninth Circuit, most courts not take an expansive view of these wrongs and does not recognize such claims as separate from the discrimination suffered by the corporation. *See Bellows v. Amoco*

*Oil Co.,* 118 F.3d 268, 276-77 (5th Cir. 1997); *Jones v. Jones*, No. Civ. A. 2:03cv417, 2004 WL 3214457 (E.D. Va. June 15, 2004), *aff'd*, 117 Fed. Appx. 873 (4th Cir. 2004).  Thus, all of Mamo's listed injuries are indistinguishable from those of the corporation, and as such Mamo does not have individual standing to bring claims of race discrimination.

Likewise, the Court will not adopt Plaintiffs' liberal reading of § 1982 as affording additional, personal rights to Mamo as an individual, separate from the corporation.  The Court acknowledges the extensive case law quoted by Plaintiffs, butnone seem appropriate precedent for the matter at issue.  Here, Mamo is a shareholder and officer of a corporation, and his injuries stem directly from his positions within the corporation.  These injuries are not analogous to private persons seeking a second trust on already-owned property.  *See Evans v. First Federal Savings Bank*, 669 F. Supp. 915 (N.D. Ind. 1987).  Similarly, Mamo's situation is not analogous to individual plaintiffs being physically barred from entering church property.  *See Hargraves v. Capital City Mortgage Corp.*, 147 F. Supp. 2d 1, 3 (D.D.C. 2001).

Plaintiffs' definition of "use" as meaning "to benefit" highlights further the problems in adopting this reading of § 1982.  Permitting individual claims for the loss of benefit from corporate property under the circumstances as forwarded by

Plaintiffs would all but dissolve the firm rule that shareholders and officers cannot sue for wrongs suffered by a corporation. While the rights under § 1982 may be broader than those under § 1981, they are certainly not as broad as Plaintiffs characterize them here.  Under the routine meaning of the term "use," it is tenuous even how the Plaintiffs can characterize their complaints as using the property, and it is impossible to do so distinctly from that of the corporation.  As Plaintiffs' third argument is essentially a restatement of its first argument, no additional analysis is warranted.  As Mamo has not shown injuries separate and distinct from those of the corporation, he does not have standing to be party to this suit.

BP Products also seeks the dismissal of Count III of the Complaint - the injunctive relief count - and the corresponding prayer for injunctive relief.  Defendant asks for dismissal on the grounds that injunctive relief is a remedy rather than a cause of action and that the prayer for relief is overbroad, indefinite, and goes beyond the boundaries of Plaintiffs' particular claims.  Indeed, injunctive relief is not a separate cause of action.  To the extent that Plaintiffs attempt to raise injunctive relief as a cause of action, such cause of action should be dismissed for failure to state a claim upon which relief may be granted.

Prayers for injunctive relief must be tailored to the particular claims of the case and definite in their request. *See Lowrey v. Circuit City Stores, Inc.*, 158 F.3d 742 (4th Cir. 1998). In *Lowrey*, the Fourth Circuit found that an order enjoining a defendant from committing further violations of federal civil rights laws is the "sort of go-thy-way-and-sin-no-more provision" that the Fourth Circuit has previously invalidated. *Id.* at 767. In the instant case, the Plaintiffs asks that "an injunction be granted permanently restraining defendants from engaging in discriminatory contracting practices." (Plf.'s Compl. 23.) This is indistinguishable from the prayer for injunctive relief in *Lowrey*, and as such will be stricken. Likewise, Plaintiffs request for the Court to "Order the defendants to revise their divestment policies to comply with applicable Federal and State law" is equally broad and equally indistinguishable from *Lowrey*. (Plf.'s Compl. 23.)

In addition to requiring that injunctive relief be definite, it must also be carefully addressed to the particulars of the case. *See Virginia Soc'y for Human Life, Inc. v. Fed. Election Com'n*, 263 F.3d 379, 393 (4th 2001) (("'Injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'" (quoting *Califano 20 v. Yamasaki*, 442 U.S. 682, 702 (1979)).

Thus, mandating that "all of [Defendant's] agents and employees receive training in fair contracting practices," (Plf.'s Comp. 23), is clearly overbroad since there is no allegation that the alleged discrimination is pervasive throughout all of the employees.

Furthermore, this Court does not find that it is too early in the proceedings to make these findings.  *See Allen v. City of Chicago*, 828 F. Supp. 543, 565 (N.D. Ill. 1993).  There are no discoverable factual circumstances that would make these prayers for injunctive relief appropriate at any stage of the case.  However, the Court will grant the Plaintiff's leave to amend the Complaint to draft prayers for relief in compliance with the law.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss.  An appropriate Order will issue.

January  30, 2006                  _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE