IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MAMO *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|         v.              ) | 1:05cv1323 (JCC) |
| ) | |
| BP P.L.C. *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

       This matter is before the Court on Plaintiff's Motion for an order deferring a decision on Defendant BP p.l.c.'s motion to dismiss for lack of personal jurisdiction until after the trial or after plaintiff has had an opportunity to conduct jurisdictional discovery.  For the reasons stated below, the Court will grant Plaintiff's Motion for leave to conduct jurisdictional discovery.

**I. Background**

       BP Products North America Inc. ("BP Products") is indirectly owned by BP p.l.c.  In 2005, BP Products decided to divest its interests in 181 gasoline stations in Washington, D.C., Virginia, and Maryland.  DAG Petroleum Suppliers, L.L.C. ("DAG") is a petroleum distributor which was allegedly formed for the purpose of acquiring and operating the service stations from BP Products.  Eyob Mamo, an African American, is Chairman and Chief Executive Officer of DAG, and he also is a majority-owner

of DAG.  DAG participated in the second round of bidding for the stations but eventually was informed that it was not eligible to acquire the stations or participate in further bidding rounds.  DAG was provided reasons for disqualification from further bidding; DAG alleges, however, that these reasons are pretextual.

On November 17, 2005, Plaintiffs Eyob Mamo and DAG filed a complaint citing four counts charging, *inter alia*, race discrimination.  On December 8, 2006, Defendant BP Products filed a motion to dismiss Counts II, III, and IV of the complaint.  BP Products represented in the filing that BP p.l.c. had not been served with process and was not required to make any response to the complaint.  In their opposition to the Motion, Plaintiffs voluntarily withdrew Count IV.  On January 30, 2006, this Court granted Defendant's motion and allowed Plaintiff leave to amend the Complaint.  An amended Complaint was filed on February 9, 2006.

On January 30, 2006, BP p.l.c. filed a motion to dismiss for lack of personal jurisdiction.  On February 10, 2006, Plaintiff filed a Motion for an order deferring a decision on Defendant BP p.l.c.'s motion to dismiss for lack of personal jurisdiction until after the trial or after Plaintiff has had an opportunity to conduct jurisdictional discovery.  The motion to dismiss is currently noticed for March 24, 2006.  Plaintiff's

Motion for a deferral of a decision on the motion to dismiss is currently before the Court.

## II. Analysis

Plaintiff asks this Court to either: 1) find that Plaintiff has made a *prima facie* showing of personal jurisdiction and defer a decision on BP p.l.c.'s motion to dismiss until after the trial on the merits, or 2) grant Plaintiff leave to conduct discovery for the purpose of producing evidence on the extent to which BP p.l.c. was involved in the bidding process and to which its activities might otherwise subject it to this Court's jurisdiction.  Plaintiff contends that it has made a *prima facie* showing of personal jurisdiction by highlighting, through declarations and otherwise, that BP p.l.c. was involved in the ultimate decisions on which assets to sell and at what price they would be sold, along with involvement in issues of race relations and diversity for BP Products.  Plaintiff claims that deferring a final decision on personal jurisdiction issues until after trial is appropriate "when jurisdictional facts are inextricably intertwined with underlying claims . . . ." *Verizon Online Servs. v. Ralsky*, 203 F. Supp. 2d 601, 609 (E.D. Va. 2002).

If the Court does not accept this first argument, Plaintiff alternatively asks the Court to grant Plaintiff an opportunity to discover evidence on the issue of personal jurisdiction.  As with the resolution of other discovery issues,

district courts are granted broad discretion in regard to jurisdictional discovery. *See Sportrust Assocs. Int'l, Inc. v. Sports Corp.*, 304 F. Supp. 2d 789, 794 (E.D. Va. 2004). Plaintiff claims it would like discovery for purposes of determining both specific and general personal jurisdiction.

In response, BP p.l.c. emphasizes, as it does in its motion to dismiss, that it does not operate in Virginia to any relevant degree, and therefore this Court does not have personal jurisdiction over it. BP p.l.c. adamantly opposes incurring the expenses of a merits discovery and trial before the Court rules on jurisdiction. BP p.l.c. notes that granting Plaintiff's Motion would thwart the purpose of preliminary decisions on personal jurisdiction, which relieve defendants of the burdens associated with defending themselves in distant forums. This is especially true in the case of foreign defendants. *See Central States, SE & SW Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000) ("[I]mposing such burdensome, wide-ranging discovery against defendants from a foreign nation is not appropriate at a stage where the district court is trying to determine whether it has any power over the defendants").

Similarly, BP p.l.c. argues that when a plaintiff raises only bare allegations to dispute a defendant's affidavits denying jurisdictional acts or contacts, courts do not abuse their discretion in denying jurisdictional discovery. *See*

*Sportrust Assocs. Int'l, Inc.*, 304 F. Supp. 2d at 794. Stated otherwise, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

Firstly, Plaintiff has not made a *prima facie* showing that this Court has personal jurisdiction over BP p.l.c. Further, the situation is not one where the jurisdictional facts are inextricably intertwined with underlying claims. Therefore, the request to defer the personal jurisdiction decision until after the trial will be denied.

However, the Court finds this is an appropriate situation to exercise its discretion and grant leave to conduct jurisdictional discovery. Plaintiff's allegations are specific and substantive. The declaration of Eyob Mamo states that John Melo and John Underwood, officer of BP Products, "informed DAG that the decision to divest markets was the responsibility of BP plc" and that "BP Products had to receive an authorization to negotiate from the Executive Committee of BP plc's Refining and Marketing Business Segment." (Plf.'s Mot. Ex. 1.) These statements, along with the documents suggesting BP p.l.c.'s involvement in creating the company's diversity policy, amount to more than simply bare allegations. Furthermore, BP p.l.c. never

-5-

explicitly denied involvement.  Although it is helpful to hear from the party that Defendant claims is exclusively involved, it is likewise instructive to garner information from the party specifically at issue.

This case is distinguishable from the *Colt Defense* case on which the Defendant so heavily relies.  *Colt Def. LLC v. Heckler & Koch Def., Inc.*, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004).  In *Colt Defense*, the court denied jurisdictional discovery because, *inter alia*, plaintiff's request was "brief in form and unaccompanied by a separate motion" and "contained no specific facts that could help establish the requisite contacts." *Id.* at *76-77.  In the present case, Plaintiff has filed a substantive motion containing specific facts that could establish the requisite contacts.  The Court does not interpret Plaintiff's request as one for a fishing expedition, and therefore the Court will grant leave to conduct jurisdictional discovery.

### III. Conclusion

For the reasons stated above, the Court will grant Plaintiff's Motion for leave to conduct jurisdictional discovery.  An appropriate Order will issue.

March _7_, 2006                          _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE