IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MAMO *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:05cv1323 (JCC) |
| ) | |
| BP P.L.C. *et al.*, ) | |
| ) | |
| Defendants. ) | |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant BP p.l.c.'s objection to the Magistrate Judge's February 28, 2006 Order denying BP p.l.c.'s motion to stay merits discovery. For the reasons stated below, the Court will deny Defendant's objection.

### I. Background

BP Products North America Inc. ("BP Products") is indirectly owned by BP p.l.c. In 2005, BP Products decided to divest its interests in 181 gasoline stations in Washington, D.C., Virginia, and Maryland. DAG Petroleum Suppliers, L.L.C. ("DAG") is a petroleum distributor which was allegedly formed for the purpose of acquiring and operating the service stations from BP Products. Eyob Mamo, an African American, is Chairman and Chief Executive Officer of DAG, and he also is a majority-owner of DAG. DAG participated in the second round of bidding for the stations but eventually was informed it was not eligible to

acquire the stations or participate in further bidding rounds. DAG was provided reasons for disqualification from further bidding; DAG alleges, however, that these reasons are pretextual.

On November 17, 2005, Plaintiffs Eyob Mamo and DAG filed a complaint citing four counts charging, *inter alia*, race discrimination.  On December 8, 2005, Defendant BP Products filed a motion to dismiss Counts II, III, and IV of the complaint.  BP Products represented in the filing that BP p.l.c. had not been served with process and was not required to make any response to the complaint.  In their opposition to the motion, Plaintiffs voluntarily withdrew Count IV.  On January 30, 2006, this Court granted Defendant's motion and allowed Plaintiff leave to amend the complaint.  An amended complaint was filed on February 9, 2006.

On January 30, 2006, BP p.l.c. filed a motion to dismiss for lack of personal jurisdiction.  On February 10, 2006, Plaintiff filed a motion for an order deferring a decision on Defendant BP p.l.c.'s motion to dismiss for lack of personal jurisdiction until after the trial or after Plaintiff has had an opportunity to conduct jurisdictional discovery.  On March 7, 2006, this Court granted Plaintiff's motion to defer a decision on the motion to dismiss until after Plaintiff has had an opportunity to conduct jurisdictional discovery.

On February 23, 2006, BP p.l.c. filed a motion to stay discovery until the resolution of the motion to dismiss for lack of personal jurisdiction.  A corrected motion was filed on February 24, 2006.  Magistrate Judge Liam O'Grady denied the motion to stay discovery and the corrected motion to stay discovery on February 28, 2006.  On March 14, 2006, BP p.l.c. filed an objection to the Magistrate Judge's February 28, 2006 Order.  This objection is currently before the Court.

## II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters such as discovery orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *Federal Election Comm'n v. The Christian Coalition*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A).  A court's "finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).  A treatise on federal practice and procedure describes altering a magistrate's non-dispositive orders as "extremely difficult to justify."  12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997).  However, the same treatise admits that "although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives."  *Id.*

### III. Analysis

BP p.l.c. objects to the Magistrate Judge's ruling to deny a stay of merits discovery on three grounds: 1) inappropriately faulting BP p.l.c. for certain delays which, Defendant claims, were not due to BP p.l.c.; 2) failing to weigh the prejudice to BP p.l.c. of being subjected to merits discovery; and 3) relying on allegations made regarding BP p.l.c.'s potential liability as justification to allow merits discovery to continue.  BP p.l.c. claims that these grounds render the Order clearly erroneous and contrary to law.

Firstly, BP p.l.c.'s objection implies that the Magistrate Judge came to the decision to deny the stay of merits discovery to fault BP p.l.c. for the time line in which it filed its motion to dismiss. This implication is simply incorrect. The only mention of the time line of events in the Order is found in a footnote, which is more explanatory than it is accusatory. Furthermore, this footnote is linked to the concern for substantial prejudice to Plaintiff. The timing of the motion to dismiss, regardless of its timeliness or legitimacy, affects the discovery issues in question. Thus, when considering the entirety of the situation, it is appropriate for the Magistrate Judge to note the current procedural standpoint of the case and how the case reached that position. Furthermore, it is unclear whether the time line was a factor in the Magistrate Judge's decision, and if it was, it was certainly only considered as part of the prejudice consideration to the Plaintiff - a lawful and necessary factor.

Secondly, BP p.l.c. complains that the Magistrate Judge failed to weigh the prejudice to BP p.l.c. in reaching his decision. Quite simply, this objection is purely speculative. The Order acknowledges that the motion to dismiss could prove to be dispositive; however, even in light of that fact, the Order recognizes that the Court cannot afford to delay discovery pending resolution. BP p.l.c.'s discussion of the unique burdens

of foreign defendants seems to be an attempt to relitigate the motion to stay rather than to highlight any error in the Magistrate Judge's ruling.  When seeking evidence from abroad, BP p.l.c. emphasizes that "the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses."  *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 542 (1987).  BP p.l.c. does not allege any abusive intent on behalf of the Plaintiff, nor does the Order imply a lack of judicial supervision of the discovery process.  Similarly, there is no evidence that the Magistrate Judge was flippant to the rights of BP p.l.c.

Finally, BP p.l.c. objects to the Order's reference to specific allegations against BP p.l.c. as a justification for proceeding with merits discovery.  BP p.l.c. emphasizes this Court's observation in a previous Memorandum Opinion which noted that this case is not one where the "jurisdictional facts are inextricably intertwined with the underlying claims."  *Mamo et al. v. BP p.l.c. et al.*, No. 05-1323, slip op. at 5 (E.D. Va. Mar. 7, 2006).  This statement must not be misconstrued.  The Court made this statement in support of the decision to deny Plaintiff's Motion to defer the motion to dismiss for lack of personal jurisdiction until after a full merits trial.  The statement was intended to suggest that the facts are not so inextricably intertwined that a reasoned decision on a motion to

dismiss would require a full merits trial.  The statement was not intended to suggest that there is no overlap between matters of personal jurisdiction and the merits in this case.

Accordingly, the fact that the Magistrate Judge relied in part on the allegations made regarding BP p.l.c.'s potential liability is not clearly erroneous and contrary to law.  The Magistrate Judge was faced with the question of whether the likelihood of BP p.l.c.'s dismissal for lack of personal jurisdiction was significant enough to justify disrupting the normal pretrial discovery process.  This question goes directly to the decision with which he was faced at the time.  None of the cases cited by BP p.l.c. persuade the Court that this practice is prohibited.

In summary, the Magistrate Judge appropriately considered the specifics of this particular case and the involved parties and came to a well-reasoned conclusion.  The fast-paced pretrial procedures, the relation between the co-defendants, and judicial economy warrant the decision to deny a stay of merits discovery.  There are no grounds for finding that the decision is either clearly erroneous or contrary to law, and therefore there is no need to overrule, correct, or adjust the Magistrate Judge's Order of February 28, 2006.

## III. Conclusion

For the reasons stated above, the Court will deny BP p.l.c.'s objection. An appropriate Order will issue.

April _5_, 2006                      _____/s/_____
Alexandria, Virginia                James C. Cacheris
                                           UNITED STATES DISTRICT COURT JUDGE

_____