```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

DAG PETROLEUM SUPPLIERS, LLC  )
                              )
         Plaintiff,           )
                              )
         v.                   )         1:05cv1323(JCC)
                              )
BP P.L.C. and BP PRODUCTS     )
NORTH AMERICA, INC.,          )
                              )
         Defendants.          )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Plaintiff's motion to enlarge the page limits for its brief in opposition to Defendants' motions for summary judgment. For the following reasons, the Court will deny Plaintiff's motion.

### I. Background

BP Products North America Inc. ("BP Products") is indirectly owned by BP p.l.c. In 2005, BP Products decided to divest its interests in 181 gasoline stations in Washington, D.C., Virginia, and Maryland. DAG Petroleum Suppliers, L.L.C. ("DAG") is a petroleum distributor which was allegedly formed for the purpose of acquiring and operating the service stations from BP Products. Eyob Mamo, an African American, is Chairman and Chief Executive Officer of DAG, and he also is a majority-owner of DAG. DAG participated in the second round of bidding for the stations but eventually was informed it was not eligible to acquire the stations or participate in further bidding rounds.

DAG was provided reasons for disqualification from further bidding; DAG alleges, however, that these reasons are pretextual.

On November 17, 2005, Eyob Mamo and DAG filed a complaint citing four counts charging, *inter alia*, race discrimination. On December 8, 2005, Defendant BP Products filed a motion to dismiss Counts II, III, and IV of the complaint. BP Products represented in the filing that BP p.l.c. had not been served with process and was not required to make any response to the complaint. In their opposition to the motion, Plaintiffs voluntarily withdrew Count IV. On January 30, 2006, this Court granted Defendants' motion and allowed Plaintiff leave to amend the complaint. On February 9, 2006, DAG filed an amended complaint against BP Products and BP p.l.c.

On July 20, 2006, Defendants filed separate motions for summary judgment. The motions are largely based on different assertions of undisputed material facts and different legal grounds. The motions are also of different lengths. While BP Products' motion is thirty pages, BP p.l.c.'s summary judgment motion is only twelve pages and is based predominantly on the argument that BP p.l.c. had no involvement in the auction of BP Products' station assets in 2005. On August 4, 2006, Plaintiff filed an emergency motion to enlarge the page limits for its oppositions to Defendants' motions for summary judgment. Plaintiff's emergency motion is currently before the Court.

## II.  Analysis

Plaintiff correctly notes that its opposition briefs are presently limited by Local Rule 7(F)(3) to thirty pages each. Plaintiff claims, however, that "it will be extremely difficult to provide the Court with the information it needs to weigh the parties' respective arguments and recitation of material facts within the 30 pages provided under the rule." (Pl.'s Mem. at 1.) As such, Plaintiff seeks leave to file an additional twenty pages in opposition (*i.e.*, an additional ten pages per opposition, for a total of forty pages per opposition). In the alternative, Plaintiff asks that it be allowed to file one consolidated brief not to exceed seventy-five pages in opposition to Defendants' two motions for summary judgment.

Local Rule 7(F)(3) requires opposition papers to be limited to thirty pages, except where good cause has been shown in advance of filing. In this case, Plaintiff has not cited any reason that would justify departure from the page limits prescribed by the local rules. Plaintiff points out that the parties have engaged in extensive discovery, including the review of millions of pages of documents and the depositions of over fifty-five fact and expert witnesses. Plaintiff also notes that Defendants' motions are supported by eighty-one exhibits. The reality that Plaintiff fails to confront, however, is that Defendants were faced the same mass of discovery and successfully

remained within the page limits. The notion that Plaintiff must exceed the page limits to respond to the arguments made by Defendants in their combined forty-two pages of briefing is simply incredulous.

In sum, Plaintiff's conclusory references to the complexity of this case are an utterly insufficient basis to waive the page limitations imposed by the local rules, especially when the briefs to which Plaintiff must respond are within those page limitations. The Court will decline Plaintiff's invitation to render Local Rule 7(F)(3) ineffectual by permitting it to be overcome by ritualistic recitations of complexity. *See Lykins v. Attorney General of the United States*, 86 F.R.D. 318, 318 (E.D. Va. 1980) (enforcing a local rule's limit on the number of interrogatories where the plaintiff "simply alleged the presence of 'multiple issues' and . . . referred to the 'complex nature' of the case").

### III. Conclusion

For the reasons stated above, the Court will deny Plaintiff's motion to enlarge the page limits for its brief in opposition to Defendants' summary judgment motions. An appropriate Order will issue.

August 9, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE