```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

DAG Petroleum                    )
Suppliers L.L.C. et al.,         )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    1:05cv1323 (JCC)
                                 )
BP P.L.C. et al.,                )
                                 )
     Defendant.                  )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff DAG Petroleum's Motion to Supplement the Record. For the reasons stated below, the Court will deny Plaintiff's motion.

### I. Background

BP Products North America Inc. ("BPPNA") is indirectly owned by its parent company BP p.l.c., located in the United Kingdom. In 2005, BPPNA decided to "decapitalize" its interests in 181 gasoline stations in the Washington, D.C and Baltimore metro areas. DAG Petroleum Suppliers, L.L.C. ("DAG") is a petroleum distributor which was allegedly formed for the purpose of acquiring and operating the service stations from BPPNA. Eyob "Joe" Mamo, an African American, is Chairman, Chief Executive Officer, and majority-owner of DAG. DAG participated in two rounds of bidding (the "indicative" and "final" rounds) and also was allowed to make other bids. DAG eventually was informed by BPPNA that it was not selected to acquire the stations or

participate in further negotiating rounds.  BPPNA provided business reasons for selecting another bidder; DAG alleges, however, that these reasons are a pretext for race discrimination.

On June 20, 2006, Plaintiffs Mamo and DAG filed an amended complaint citing three counts.  In Count I, DAG charges Defendants with race discrimination in violation of 42 U.S.C. § 1981.  In Count II, Mamo and DAG charge Defendants with race discrimination in violation of 42 U.S.C. § 1982.  DAG recently added a claim under Virginia Code §§ 18.2-499 and 18.2-500 that Defendant's and "Eastern"(one of the winning bidders) conspired to injure DAG's business by "rigging" the bid so that Eastern would win the auction (Count III).

On August 29, 2006, this Court heard argument on Defendants' motions for summary judgment and informed the parties that it would grant both motions in full.  On September 6, 2006, this Court entered its order granting summary judgment on all counts, for both Defendants.  Two days later, on September 8, 2006, Plaintiff filed a motion to supplement the record, seeking to introduce three depositions.  This motion is currently before the Court.

## II. Analysis

The issue before the Court is whether Plaintiff should be allowed to supplement the record with three depositions.

Since Plaintiff untimely moves to introduce this evidence after the Court already conducted a hearing and granted summary judgment, the Court will deny this motion.

On August 25, 2005, Plaintiff conducted the depositions at issue and received transcripts of those depositions that evening. Four days later, on August 29, 2006, this Court heard lengthy argument from both sides on Defendants' summary judgment motions. After argument, the Court informed the parties it would grant summary judgment on all counts, and on September 6, 2006, the Court entered an order doing so.

Despite having significant, timely opportunity to do otherwise, Plaintiff never, at any time prior to the hearing, moved under Rule 56(f) to supplement the summary judgment record. In fact, Plaintiff never mentioned these depositions to the Court, until now, even though Plaintiff had conducted these depositions and possessed the transcripts well before the August 29, 2006 hearing on summary judgment. Plaintiff could have easily brought this evidence to the attention of the Court at that hearing. Now, after the order has been entered, Plaintiff seeks to supplement the record. Since Plaintiff had clear opportunity to timely supplement the record with this evidence and neglected to do so, this Court will deny Plaintiff's untimely motion.

This conclusion is buttressed by the fact that, even excluding these three depositions, the parties in this case have already conducted more discovery than any other case this Court has experienced in twenty-five years.  It was upon this mountain of evidence, consisting of over sixty depositions, that this Court declared there was no genuine dispute of material fact, and that summary judgment should be granted.  Despite the Court's overwhelming lenience in continuously providing leave from local rules and allowing further and further discovery, Plaintiff now requests leave from this Court one last time.  Perhaps tardy in this decision, the Court now must say no.  As such, Plaintiff's untimely request to supplement the record will be denied.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Supplement the Record will be denied.  An appropriate Order will issue.


September 15, 2006　　　　　　　　_____/s/_____
Alexandria, Virginia　　　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE